**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| **CORNELLE TIMMONS,** | * | |
| | * | |
| **Plaintiff,** | * | |
| | * | |
| **vs.** | * | Civil Action No.  ADC-16-0271 |
| | * | |
| **CAROLYN W. COLVIN,** | * | |
| Acting Commissioner, | * | |
| Social Security Administration, | * | |
| | * | |
| **Defendant.** | * | |
| | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * *

## MEMORANDUM OPINION GRANTING DEFENDANT'S
## MOTION FOR SUMMARY JUDGMENT

On January 29, 2016, Cornelle Timmons ("Plaintiff") petitioned this court to review the Social Security Administration's ("SSA") final decision to deny his claim for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"). *See* ECF No. 1 ("the Complaint"). After consideration of the Complaint and each parties cross-motions for summary judgment (ECF Nos. 14 and 16), the Court finds that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2014). In addition, for the reasons that follow, Plaintiff's Motion for Summary Judgment (ECF No. 14) is DENIED, Defendant's Motion for Summary Judgment (ECF No. 16) is GRANTED, and the decision of the Social Security Administration is AFFIRMED.

### CASE BACKGROUND

On July 27, 2011, Plaintiff filed a Title XVI application for supplemental security income alleging disability beginning on July 1, 2002. His claim was denied initially and upon reconsideration on November 15, 2011 and July 16, 2012, respectively. Subsequently, on July 20, 2012, Plaintiff filed a written request for a hearing and, on May 9, 2014, a hearing was held before an Administrative Law Judge. On June 13, 2014, the ALJ rendered a decision denying

1

Plaintiff's claims for SSI. *See* ECF No. 11. Thereafter, on December 4, 2015, the Appeals Council denied Plaintiff's request for review of the ALJ's decision. Thus, the decision rendered by the ALJ at the hearing became the final decision of the Commissioner. *See* C.F.R. § 416.1481; see also *Sims v. Apfel*, 530 U.S. 103, 106-07 (2000).

On January 29, 2016, Plaintiff filed the Complaint in this Court seeking judicial review of the Commissioner's final decision.[1] On July 12, 2016, Plaintiff filed a Motion for Summary Judgment. On August 30, 2016, Defendant filed a Motion for Summary Judgment. This matter is now fully briefed and the Court has reviewed Plaintiff's Motion for Summary Judgement and Defendant's Motion for Summary Judgment.

## STANDARD OF REVIEW

"This Court is authorized to review the Commissioner's denial of benefits under 42 U.S.C.A. § 405(g)." *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005) (per curiam) (internal quotation marks omitted). However, the Court does not conduct a de novo review of the evidence. Instead, the Court's review of an SSA decision is deferential, as "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g); *see Smith v. Chater*, 99 F.3d 635, 638 (4th Cir. 1996) ("The duty to resolve conflicts in the evidence rests with the ALJ, not with a reviewing court."); *see also Smith v. Schweiker*, 795 F.2d 343, 345 (4th Cir. 1986) ("We do not conduct a de novo review of the evidence, and the Secretary's finding of non-disability is to be upheld, even if the court disagrees, so long as it is supported by substantial evidence."). Therefore, the issue before the reviewing court "is not whether [Plaintiff] is disabled, but whether the ALJ's finding that

---

[1] On October 31, 2016, in accordance with 28 U.S.C. § 636 and Local Rules 301 and 302 of the United States Court for the District of Maryland and upon consent of the parties, this case was transferred to United States Magistrate Judge A. David Copperthite for all proceedings.

[Plaintiff] is not disabled is supported by substantial evidence and was reached based upon a correct application of the relevant law." *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996) ("Under the Social Security Act, [a reviewing court] must uphold the factual findings of the [ALJ] if they are supported by substantial evidence and were reached through application of the correct legal standard.").

Substantial evidence means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (internal quotation marks omitted); *see Hancock v. Astrue*, 667 F.3d 470, 472 (2012). It "consists of more than a mere scintilla of evidence but may be less than a preponderance." *Smith v. Chater*, 99 F.3d at 638. "In reviewing for substantial evidence, we do not undertake to reweigh conflicting evidence, make credibility determinations, or substitute our judgment for that of the [ALJ]." *Johnson v. Barnhart*, 434 F.3d at 653 (internal quotation marks omitted). "Where conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the [ALJ]." *Id.* (internal quotation marks omitted). Therefore, in conducting the "substantial evidence" inquiry, the court shall determine whether the ALJ has considered all relevant evidence and sufficiently explained the weight accorded to that evidence. *Sterling Smokeless Coal Co. v. Akers*, 131 F.3d 438, 439–40 (4th Cir. 1997).

### DISABILITY DETERMINATIONS AND BURDEN OF PROOF

In order to be eligible for DIB, a claimant must establish that he is under disability within the meaning of the Social Security Act. The term "disability," for purposes of the Social Security Act, is defined as the "[i]nability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or has lasted or can be expected to last for a continuous period of not less than 12 months." 42

U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A); 20 C.F.R. §§ 404.1505, 416.905. A claimant shall be determined to be under disability where "his physical or mental impairment or impairments are of such a severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy[.]" 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B).

In determining whether a claimant has a disability within the meaning of the Social Security Act, the Commissioner follows the five-step evaluation process outlined in the Code of Federal Regulations. 20 C.F.R. §§ 404.1520, 416.920; *see Barnhart v. Thomas*, 540 U.S. 20, 24 (2003). The evaluation process is sequential, meaning that, "[i]f at any step a finding of disability or non-disability can be made, the [Commissioner] will not review the claim further." *Barnhart v. Thomas*, 540 U.S. at 24; *see* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4).

At step one, the Commissioner considers the claimant's work activity to determine if the claimant is engaged in "substantial gainful activity." 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). If the claimant is engaged in "substantial gainful activity," then the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(i), 404.1520(b), 416.920(a)(4)(i), 416.920(b).

At step two, the Commissioner considers whether the claimant has a "severe medically determinable physical or mental impairment [or combination of impairments] that meets the duration requirement[.]" 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). If the claimant does not have a severe impairment or combination of impairments, then the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(ii), 404.1520(c), 416.920(a)(4)(ii), 416.920(c).

At step three, the Commissioner considers the medical severity of the impairment. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). If the impairment meets or equals one of the presumptively disabling impairments listed in the Code of Federal Regulations, then the claimant

is considered disabled, regardless of the claimant's age, education, and work experience. 20 C.F.R. §§ 404.1520(a)(4)(iii), 404.1520(d), 416.920(a)(4)(iii), 416.920(d); *see Radford v. Colvin*, 734 F.3d 288, 291 (4th Cir. 2013).

At step four, the Commissioner will assess the claimant's residual functional capacity ("RFC") to determine the claimant's ability to perform past relevant work. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). If the claimant can still perform past relevant work, then the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(iv), 404.1520(e), 416.920(a)(4)(iv), 416.920(e).

At steps one through four of the evaluation, the claimant has the burden of proof. 20 C.F.R. §§ 404.1520, 416.920; *see Bowen v. Yuckert*, 482 U.S. 137, 146 (1987); *see also Radford*, 734 F.3d at 291. At step five, the burden shifts to the Commissioner to prove: (1) that there is other work that the claimant can do, given the claimant's age, education, work experience, and RFC (as determined at step four), and; (2) that such alternative work exists in significant numbers in the national economy. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v); *See Hancock v. Astrue*, 667 F.3d 470, 472-73 (4th Cir. 2012); *See also Walls v. Barnhart*, 296 F.3d 287, 290 (4th Cir. 2002). If the claimant can perform other work that exists in significant numbers in the national economy, then the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 404.1520(g)(1), 404.1560(c), 416.920(a)(4)(v). If the claimant cannot perform other work, then the claimant is disabled. *Id.*

## **ALJ DETERMINATION**

In the instant matter, the ALJ performed the sequential evaluation and found, at step one, that Plaintiff did not engage in substantial gainful activity since the application date of July 27, 2011. ECF No. 11 at 35. At step two, the ALJ found that Plaintiff had the following severe

impairments: bipolar disorder, attention deficit hyperactivity disorder (ADHD), and history of drug and alcohol use. *Id.* At step three, the ALJ further determined that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 C.F.R. Pt. 404, Subpt P, App. 1. *Id.* At step four, the ALJ determined Plaintiff's residual functional capacity and concluded that Plaintiff was capable of performing past relevant work as a security guard.[2] Finally, at step five, the ALJ determined that, "[c]onsidering the claimant's age, education, work experience, and residual functional capacity, the claimant is capable of making a successful adjustment to other work that exists in significant numbers in the national economy." *Id.* at 47. Thus, the ALJ concluded that, "[a] finding of 'not disabled' is therefore appropriate under the framework of section 204.00 in the Medical-Vocational Guidelines." *Id.*

## PLAINTIFF'S ARGUMENTS RAISED

In the present case, Plaintiff contends that the ALJ erred in denying disability benefits to Plaintiff. Plaintiff raises three arguments in support of that contention: (1) that the agency failed to provide Plaintiff's childhood disability file; (2) that the ALJ failed to review a portion of Plaintiff's video-conference testimony; and (3) that the ALJ erred in concluding that Plaintiff had "past relevant work". Each of Plaintiff's arguments lack merit and are addressed below.

## DISCUSSION

### A. Plaintiff's childhood disability file was not relevant to his claim for adult disability benefits.

On July 1, 2002, Plaintiff was awarded Social Security Children's Disability Benefits based on Plaintiff's diagnosis of attention deficit hyperactive disorder (ADHD). On February 24,

---

[2] ECF No. 11 at 46 ("[Plaintiff] is capable of performing past relevant work as a security guard. This work does not require the performance of work-related activities precluded by the claimant's residual functional capacity (20 CFR 416.965).").

2010, those childhood benefits were terminated upon a finding that Plaintiff no longer qualified as disabled after he reached the age of 18. Plaintiff posits that the agency erred in failing to provide Plaintiff's childhood disability file for the fair adjudication of Plaintiff's present claim. The Court disagrees.

In an SSI claim, the claimant bears the burden of establishing disability by preponderance of the evidence. 20 C.F.R. §§ 404.1520, 416.920; *see Bowen*, 482 U.S. at 146 ("The [Social Security] Act provides that [a]n individual shall not be considered to be under a disability unless he furnishes such medical and other evidence of the existence thereof as the Secretary may require.") (internal quotations omitted). Nevertheless, it is well established in the Fourth Circuit that an ALJ "has a duty to explore all relevant facts and inquire into the issues necessary for adequate development of the record, and cannot rely only on the evidence submitted by the claimant when that evidence is inadequate." *Cook v. Heckler*, 783 F.2d 1168, 1173 (4th Cir. Va. 1986); *see* 20 C.F.R. § 416.912(d); *see also Marsh v. Harris*, 632 F.2d 296 (4th Cir. 1980) (holding that ALJ's failure in his duty to fully inquire into the issues necessary for adequate development of the record was prejudicial to claimant and required remand).

Importantly, this requirement does not impose an obligation to "function as the claimant's substitute counsel," *Bell v. Chater*, No. 95-1089, 1995 WL 347142, at *4 (4th Cir. 1995) (internal citations and quotations omitted), and an ALJ is under no obligation to supplement an adequate record to correct deficiencies in a plaintiff's case. *Rice v. Chater*, No. 94–2001, 1995 WL 253134, at *2 (4th Cir. 1995) (ALJ "is not required to act as plaintiff's counsel") (citations omitted). The key consideration is "whether the record contained sufficient medical evidence for the ALJ to make an informed decision" regarding the claimant's impairment(s). *Craft v. Apfel*,

No. 97–2551, 1998 WL 702296, at *3 (4th Cir. 1998); *see also* 20 C.F.R. § 416.912 (ALJ will make "every reasonable effort to obtain evidence from your own medical sources.").

The ALJ in the present case was under no obligation to procure the records from Plaintiff's childhood SSI claim as there was already ample medical evidence in the record with regard to Plaintiff's condition(s). In fact, the ALJ was only required to start his disability inquiry from July 27, 2011, the date on which the instant application for disability was filed. Even so, the ALJ included medical treatment records dating back to 2008 in his decision.

Moreover, the Court finds no merit in Plaintiff's argument that the current denial of disability benefits is inconsistent with the prior decisions of the Commission granting him childhood disability. A person under age 18 is "disabled" if he or she has a "medically determinable physical or mental impairment or combination of impairments that causes marked and severe functional limitations, and that can be expected to cause death or that lasted or can be expected to last for a continuous period of not less than 12 months." 20 C.F.R. § 416.906. An adult is "disabled" if he or she is unable to engage in "any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 1382c(a)(3)(A); 20 C.F.R. § 416.905(a). Simply put, the fact that a person was found disabled under the childhood standard does not mean that he or she will be found disabled under the adulthood standard. *See* 20 C.F.R. § 987(a)(2); *Dennison v. Comm'r of Soc. Sec.*, No. 2:12cv39, 2014 WL 293912, at *2 (W.D.Va. Jan. 27, 2014); *Lewis v. Comm'r of Soc. Sec.*, No. 1:09cv2450, 2011 WL 334850, at *6 (N.D.Ohio Jan. 31, 2011) ("[The] childhood disability finding is not dispositive [ ] or binding on the adult determination.").

Plaintiff's reliance on *Lively* is similarly misguided. *Lively v. Sec'y of Health & Human Servs.*, 820 F.2d 1391 (4th Cir. 1987). In *Lively*, the Court held that the finding in the claimant's first SSI claim that he was limited to light work had res judicata effect and precluded a contrary finding in the claimant's second SSI claim where the court failed to explain or acknowledge the discrepancy between the two conclusions. *Id.* Unlike Plaintiff's case, however, the two SSI claims at issue in *Lively* involved adult disability benefits, were adjudicated under the same title of the Social Security Act, and, perhaps most importantly, occurred within two weeks of one another. *Id.* None of those conditions are present in Plaintiff's case.

Further, Plaintiff fails to establish how records from his childhood SSI claim have any relevance to his current application for disability. Without offering an explanation for how the ALJ's inability to procure his childhood disability file harmed him, Plaintiff has not shown that the ALJ's decision was erroneous. *See Shinseki v. Sanders*, 556 U.S. 396, 409 (2009) ("the burden of showing that an error is harmful normally falls upon the party attacking the agency's determination") (internal citations omitted)). Assuming arguendo that the childhood records had been included, there still remained substantial evidence in the record for the ALJ to render his findings. *Bell v. Chater, supra.* Consequently, the absence of Plaintiff's childhood disability file does not merit remand of Plaintiff's case.

**B. The omitted portion of Plaintiff's transcribed testimony was cumulative to the evidence already in the record.**

Plaintiff argues that remand is required because "there is clearly a gap between pp 14 and 16 in the [claimant's] testimony (compare T-62 with T-63)." Plaintiff cites *McGlone v. Heckler*, 791 F.2d 1119 (4th Cir.1986) to support his contention. Plaintiff's understanding of *McGlone* misses the point.

In *McGlone,* the Fourth Circuit Court of Appeals described the hearing transcript as follows: "The transcript was prepared from an electronic recording and sprinkled throughout it are omissions identified by the transcriber's insertion of the word 'inaudible.' " *McGlone,* 791 F.2d at 1120. Contrary to Plaintiff's interpretation, the *McGlone* Court did not hold that remand is "required" when [VE] testimony is inaudible. Rather, the standard, as laid out in *McGlone,* is whether the transcript is so inadequate as to require another hearing. "Whether the transcript is inadequate depends upon the materiality of the omissions. The plaintiff shoulders the burden of showing that some material evidence was not reported or was so incompletely reported that its effect is obscured." *Id.*

The Court has conducted a thorough review of the supplemental transcript provided by the SSA and finds that the portion of omitted testimony is cumulative to the evidence already in the evidentiary record. *See* ECF No. 15 at 17. On page 15 of the supplemental transcript, Plaintiff testified that he heard voices and that, on one occasion, he became frustrated with the people around him and had trouble sitting still due to his ADHD and boredom. *Id.* Each of these symptoms was explicitly accounted for in the ALJ's written decision. *See* ECF No. 11 at 38 ("[Plaintiff] reported trouble with focus and also getting into trouble. He said he could not sit still, would make noise, and tap on the desk."); ("The claimant reported problems with hearing voices."); ("The claimant reported problems getting along with others, but said he gets along with people younger than him. The claimant said he got into a fight with a co-worker."). In short, the missing page of Plaintiff's testimony does not provide any additional information beyond that which was already considered by the ALJ. Therefore, Plaintiff has not met his burden that the omitted evidence was material as is required by *McGlone. See Pallett v. Astrue,* 2010 WL 2696653, at *3 (E.D. Va. July 7, 2010) (holding that the Appeals Council correctly declined to

reconsider the ALJ's decision based on Plaintiff's offer of cumulative evidence because such evidence could not be considered new or material).

### C. The ALJ's error at step four of the sequential evaluation was harmless error.

At step four of the sequential evaluation, the ALJ is required to assess whether, based on the claimant's RFC, he can "perform past relevant work." *Mastro v. Apfel*, 270 F.3d 171, 179-80 (4th Cir. 2001) If the claimant is capable of performing past relevant work, he does not qualify as disabled. *Id.* However, if the claimant has no past relevant work or is unable to return to prior work based on his RFC, the analysis proceeds to the fifth step and the burden of proof shifts to the Commissioner to prove that "a significant number of jobs exist which the claimant could perform, despite [the claimant's] impairments." *Hines v. Barnhart*, 453 F.3d 559, 563 (4th Cir. 2006).

Plaintiff claims that the ALJ's conclusion at step four, that he could perform his past relevant work ("PRW") as a security guard, was flawed because the Vocational Expert ("VE") incorrectly relied on an earning's record (ECF No. 11 at 223) that did not belong to Plaintiff. *See* ECF No. 14-1 at 6. Plaintiff emphasizes that his actual earnings record showed no work income in the last 15 years that could have qualified as substantial gainful activity ("SGA") and as such, his work as a security guard was insufficient to serve as PRW.

Pursuant to the Commissioner's Regulations, PRW is "work that [a claimant has] done within the past 15 years, that was substantial gainful activity ["SGA"], and that lasted long enough for [the claimant] to learn to do it." 20 C.F.R. § 416.960(b)(1); *see* § 416.965(a). Generally, the primary consideration for determining whether a claimant may have engaged in "substantial gainful activity" is through "the earnings [a claimant] derive[s] from the work activity." 20 C.F.R. § 404.1574; *Payne v. Sullivan*, 946 F.2d 1081, 1083 (4th Cir. 1991). A

rebuttable presumption arises if Plaintiff's earnings exceed the income guidelines set forth in 20 C.F.R. § 404.1574(b)(2). *Id.* (citing 20 C.F.R. § 404.1574(b)(2)). If a claimant is ultimately able to engage in substantial gainful activity, he will not be found disabled. *Id.* at 1082. (citing 20 C.F.R. § 404.1571).

Having reviewed the relevant portions of the record, the Court agrees that Plaintiff's earnings did not exceed the income guidelines for substantial gainful activity set forth in 20 C.F.R. § 404.1574(b)(2). The record of Plaintiff's true earnings over the past fifteen years reflected thirteen years of no annual earnings and just two years of actual income. ECF No. 11 at 231. The most income Plaintiff ever earned in one tax year during that fifteen-year period was $1,116.72 in 2008, and that income came from two different jobs. *Id.* Thus, it appears that the VE's testimony and ultimately the ALJ's conclusion that Plaintiff had past relevant work was inconsistent with Plaintiff's true earnings records. *See* ECF No. 11 at 286. Accordingly, the Court cannot say that the ALJ's finding that Plaintiff could perform his past relevant work was supported by substantial evidence.

The Court's inquiry, however, does not end there. If a claimant is found to have no past relevant work at step four, the ALJ must proceed to step five where the burden shifts to the Commissioner to show that the claimant can perform other work. 20 C.F.R. § 404.1560(c)(2); *Walls v. Barnhart*, 296 F.3d 287, 290 (4th Cir.2002). Notwithstanding his step four conclusion that Plaintiff had past relevant work, the ALJ in the present case nonetheless continued to step five of the sequential evaluation, alternatively finding that there were other jobs in the national economy that Plaintiff could also perform See ECF No. 11 at 47 ("Although the claimant is capable of performing past relevant work, there are other jobs existing in the national economy

that he is able to perform. Therefore, I make the following alternative findings for step five of the sequential evaluation process").

Where the Court upholds the ALJ's finding at step five of the sequential evaluation, any error at step four is harmless. *See Queen v. Astrue*, No. TMD 10-3364, 2012 WL 1016822, at *3 (D. Md. Mar. 23, 2012) (citing *Ngarurih v. Ashcroft*, 371 F.3d 182, 190 n. 8 (4th Cir. 2004)); *see also Garner v. Astrue,* 436 Fed. Appx. 224 (4th Cir. 2011) (indicating that the *Shinseki* harmless error standard is applicable to Social Security cases); *see also Morgan v. Barnhart,* 142 F. App'x 716, 723–25 (4th Cir. 2005) (recognizing that courts engage in harmless error review of agency denials of social security benefits). Plaintiff has not alleged any error with regard to the ALJ's decision at step five and, after reviewing the relevant portions of the record, the Court finds that the ALJ's step five determination was supported by substantial evidence. Accordingly, any alleged error on behalf of the ALJ at step four of the sequential evaluation was harmless error.

## CONCLUSION

In summation, the Court finds that the ALJ properly evaluated the evidence on record and provided substantial evidence in support of the finding that Plaintiff was "not disabled" within the meaning of the Social Security Act. Pursuant to 42 U.S.C. § 405(g), "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." Therefore, based on the foregoing, Plaintiff's Motion for Summary Judgment (ECF No. 14) IS DENIED, Defendant's Motion for Summary Judgment (ECF No. 16) is GRANTED, and the decision of the Social Security Administration is AFFIRMED. The clerk is DIRECTED to close this case.

Date: 21 December 2016

_____
A.  David Copperthite
United States Magistrate Judge